# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISON

| | |
|---|---|
| KEISHA HODGE, ) | **COMPLAINT** |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No: 6:23-cv-549 |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, LLC ) | |
| ) | **JURY TRIAL DEMANDED** |
| & ) | |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC. ) | |
| ) | |
| & ) | |
| ) | |
| TRANS UNION, LLC ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Keisha Hodge, by and through the undersigned counsel, and for her Complaint against Defendants Equifax Information Services, LLC ("EQ"), Experian Information Solutions, Inc. ("EXP"), and Trans Union, LLC ("TU") (and together collectively, "Defendants") for violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), states as follows:

## JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 1681(p).

2. Venue is proper because Plaintiff resides here, the acts and transactions occurred here, and EQ, EXP, and TU transact business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

1

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Alto, a part of Cherokee County, TX 75925.

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Alto, a part of Cherokee County, TX 75925, making the Tyler Division a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant EQ, a Georgia corporation headquartered in Atlanta, GA, practices as a debt collector throughout the country, including TX.

8. Defendant EQ serves as a credit reporting agency of consumer credit throughout the state of TX, including in Alto City and Cherokee County.

9. Defendant EQ has actual knowledge of where Plaintiff resided, and by improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant EQ purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant EQ has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Alto City and Cherokee County and Defendant attempts to collect alleged debts throughout the state of TX.

11. Defendant EQ knowingly reported information regarding a Plaintiff domiciled in Alto, TX, and thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(1).

12. Defendant EXP, an Ohio corporation headquartered in Costa Mesa, CA, practices as a debt collector throughout the country, including TX.

13. Defendant EXP serves as a credit reporting agency of consumer credit throughout the state of TX, including in Alto City and Cherokee County.

14. Defendant EXP has actual knowledge of where Plaintiff resided, and by improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant EXP purposefully availed itself to the jurisdiction in which Plaintiff resided.

15. Defendant EXP has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Alto City and Cherokee County and Defendant attempts to collect alleged debts throughout the state of TX.

16. Defendant EXP knowingly reported information regarding a Plaintiff domiciled in Alto, TX, and thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(1).

17. Defendant TU, an Ohio corporation headquartered in Chicago, IL, practices as a debt collector throughout the country, including TX.

18. Defendant TU serves as a credit reporting agency of consumer credit throughout the state of TX, including in Alto City and Cherokee County.

19. Defendant TU has actual knowledge of where Plaintiff resided, and by improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant TU purposefully availed itself to the jurisdiction in which Plaintiff resided.

20. Defendant TU has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Alto City and Cherokee County and Defendant attempts to collect alleged debts throughout the state of TX.

21. Defendant TU knowingly reported information regarding a Plaintiff domiciled in Alto, TX, and thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

22. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

23. Defendants' credit reporting and/or failure to properly dispute information violated the FCRA.

24. Plaintiff has thus suffered an injury as a result of Defendants conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

25. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

26. Plaintiff, Keisha Hodge (hereafter "Plaintiff"), is a natural person currently residing in Cherokee County, in the state of TX.

27. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

28. Defendant EQ is a Georgia corporation with its principal place of business located at 1550 Peachtree St. NE #H-46, Atlanta, GA 30309.

29. Defendant EXP is an Ohio corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

30. Defendant TU is a Delaware corporation with its principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

31.     LVNV Funding, LLC ("LVNV") is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

32.     EQ, EXP, and TU are all a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). EQ, EXP, and TU regularly engage in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

   a. Public record information;

   b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

33.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than LVNV.

34.     On a date better known by LVNV, LVNV began to attempt to collect an alleged consumer debt from the Plaintiff.

35.     The alleged debt was said to be owed to Credit One Bank.

36.     That this alleged debt would only have been incurred for a personal line of credit and would have been only for personal or family purpose.

37.     That this alleged account would have only been used for personal, family, or household purposes and would thus be a consumer debt.

38.     The reporting of the alleged debt contains an inaccurate balance.

39.     The reporting of the alleged debt contains an inaccurate status.

40.     The reporting of the alleged debt contains inaccurate delinquency information.

41. The reporting of the alleged debt contains inaccurate dispute information.

42. The inaccurate reporting caused Plaintiff to be subjected to higher interest rates on lines of credit.

43. The inaccurate reporting caused Plaintiff to be subjected to a credit denial.

44. That LVNV was reporting the collection account on Plaintiff's credit report with EQ, EXP, and TU.

45. That LVNV was voluntarily reporting the alleged collection account on Plaintiff's credit report with the credit reporting agencies.

46. LVNV's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

47. On or about 08/26/2022, Plaintiff sent dispute letters to EQ, EXP, and TU notifying the account with LVNV as disputed. **Exhibit A, Exhibit B, and Exhibit C.**

48. This letter provided notice of the inaccurate reporting to EQ, EXP, and TU.

49. Once EQ, EXP, and TU received notice of these letters, they were required to provide notice of such disputes and request for re-investigation to the furnisher, in this case LVNV.

50. EQ, EXP, and TU received the letters sent by Plaintiff.

51. EQ, EXP, and TU transmitted notice of these disputes to LVNV via an Automated Credit Dispute Verification form ("ACDV").

52. LVNV was required to investigate Plaintiff's dispute in full upon receipt of the ACDV, and by extension, notice of the inaccuracy.

53. Alternatively, EQ, EXP, and TU failed to send notice of the disputes to LVNV after receiving notice of the disputes from Plaintiff.

54. After receiving this notice, in any subsequent voluntary reporting, LVNV must then include the dispute notation on said account.

55. On or about 11/23/2022, Plaintiff received an updated credit file from EQ. **Exhibit D.**

56. That the credit report was updated on 11/01/2022 by LVNV.

57. That the updated 11/23/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by EQ, and transmitted to LVNV.

58. Alternatively, that the updated 11/23/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by EQ after EQ failed to notify LVNV.

59. On or about 11/23/2022, Plaintiff received an updated credit file from EXP. **Exhibit D.**

60. That the credit report was updated on 11/02/2022 by LVNV.

61. That the updated 11/23/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by EXP, and transmitted to LVNV.

62. Alternatively, that the updated 11/23/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by EXP after EXP failed to notify LVNV.

63. On or about 11/23/2022, Plaintiff received an updated credit file from TU. **Exhibit D.**

64. That the credit report was updated on 11/02/2022 by LVNV.

65. That the updated 11/23/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by TU, and transmitted to LVNV.

66. Alternatively, that the updated 11/23/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by TU after TU failed to notify LVNV.

67. That the updated 11/23/2022 credit report did not contain updated marked as disputed information.

68. The updated 11/23/2022 credit report contained inaccurate information.

69. LVNV failed to investigate or otherwise verify Plaintiff's dispute before voluntarily re-reporting the alleged debt.

70. LVNV must have voluntarily updated the Plaintiff's alleged account by communicating with EQ, EXP, and TU.

71. That LVNV furnished information to EQ, EXP, and TU regarding Plaintiff's account without notifying them the account had been disputed by consumer, even after receiving notice by EQ, EXP, and TU of the disputes.

72. That LVNV failed to update the account information and mark the account as disputed on the updated 11/23/2022 credit report after Plaintiff disputed the account on 08/26/2022 and was given notice of such by EQ, EXP, and TU.

73. In the alternative, if LVNV properly updated the account information and marked the account as disputed with EQ, EXP, and TU after receiving notification of disputes from Plaintiff, then EQ, EXP, and TU failed to update the account information and mark the account as disputed on the updated 11/23/2022 credit report.

74. LVNV never properly updated the account information or marked the account as disputed even after receiving information of the disputes from EQ, EXP, and TU.

75. Alternatively, EQ, EXP, and TU never updated the account information and marked the account as disputed even after receiving information of the dispute remark from LVNV in its subsequent voluntary reporting or via a response to an Automated Credit Dispute Verification ("ACDV") request.

76. All of Defendants' actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

77. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the LVNV and/or EQ, EXP, and TU.

78. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by LVNV and/or EQ, EXP, and TU.

79. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by LVNV and/or EQ, EXP, and TU.

80. Plaintiff has suffered actual harm based on her costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

81. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of LVNV and/or EQ, EXP, and TU.

82. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

**Count I: Violation Of 15 U.S.C. § 1681e(b) of the FCRA-Reinvestigations of Disputed Information**

83. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

84. EQ, EXP, and TU violated 15 U.S.C. 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they published and maintain concerning the Plaintiff.

85. As a result of this conduct, action and inaction of EQ, EXP, and TU, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

86. EQ, EXP, and TU's conduct, action, and inaction were willful, rendering them liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

87. The Plaintiff is entitled to recovery costs and attorney's fees from EQ, EXP, and TU in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Keisha Hodge, prays that this Court:

A. Declare that EQ, EXP, and TU's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Keisha Hodge, and against EQ, EXP, and TU, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Keisha Hodge, and against EQ, EXP, and TU, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

## Count II: Violation Of 15 U.S.C. § 1681i of the FCRA-Reinvestigations of Disputed Information

88. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

89. Defendant EQ, EXP, and TU violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to LVNV; by failing to maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

90. As a result of this conduct, action and inaction of EQ, EXP, and TU, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

91. EQ, EXP, and TU's conduct, action and inaction was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent entitling the Plaintiff to recovery actual damages under 15 U.S.C. § 1681o.

92. The Plaintiff is entitled to recovery costs and attorney's fees from EQ, EXP, and TU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Keisha Hodge prays that this Court:

A. Declare that EQ, EXP, and TU's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Keisha Hodge, and against EQ, EXP, and TU, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Keisha Hodge, and against EQ, EXP, and TU, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

## JURY DEMAND

93. Plaintiff demands a trial by jury on all Counts so triable.

Dated: November 8, 2023

                                              Respectfully Submitted,

                                              **HALVORSEN KLOTE**

By:     /s/ Joel Halvorsen

           Joel S. Halvorsen, #67032
           680 Craig Road, Suite 104
           St. Louis, MO 63141
           P: (314) 451-1314
           F: (314) 787-4323
           joel@hklawstl.com